08-CV-05503-CMP

FILED _____ LODGED
_____ RECEIVED
AUG 14 2008
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

DANIEL MARTINEZ,

    Plaintiff,

vs.

HELEN MARTINEZ, and

THE SUQAMISH TRIBE,

    Defendants

Case No.: C08 5503 FDB

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PARTIES TO THIS COMPLAINT

1.1   Plaintiff's Name, Address & Phone Number:

DANIEL MARTINEZ

6470 Bell St.

Suquamish, WA 98392

Temporary Address:

2570 Cherry Ln.

Walnut Creek, CA 94597

Complaint for Declaratory and Injunctive Relief - 1

**ORIGINAL**

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318 fax
steve@olsenmcfadden.com

(360)981-9246

1.2 Defendant's Name, Address and Phone Number:

HELEN MARTINEZ

6470 Bell St.

Suquamish, WA 98392

(360) 388-8646

1.3 Defendant's Name, Address & Phone Number:

THE SUQUAMISH TRIBE

15838 Sandy Hook Rd NE

Poulsbo, WA 98370

(360)394-8400

## JURISDICTION

2.1 Plaintiff resides in the Western District of Washington

2.2 Defendant, HELEN MARTINEZ, resides in the western district of Washington

2.3 Defendant, THE SUQUAMISH TRIBE, and its Port Madison Reservation, are within the Western District of Washington.

2.4 Plaintiff seeks Declaratory relief under 28 USC 2201; adjudicating that the Suquamish Tribe does not have Civil Jurisdiction to adjudicate petitions for custody of children of non-tribal members, to dissolve the marriage of non- tribal members or to grant a Petition for Domestic Violence Protection filed by a non-tribal member against another non- tribal member.

Complaint for Declaratory and Injunctive Relief - 2

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

2.5   Plaintiff also seeks Injunctive relief under 28 USC 2202, to prohibit the defendants from seeking and granting relief without such jurisdiction.

2.6   Whether a tribal court has adjudicative authority over non-members is a federal question under 28 USC 1331.

## STATEMENT OF CLAIM

3.1   Plaintiff is a married man, He is non- Indian. Prior to February 27, 2008, Plaintiff resided on fee land on the Port Madison Reservation, in Suquamish, Washington, with his wife, HELEN MARTINEZ, and their children.

3.2   Defendant, HELEN MARTINEZ, is a married woman. She is Native American; and is a member of the Savoonga Native Corporation in Alaska. At all times material hereto, she was not a member of the Suquamish Tribe. Prior to February 27, 2008, said defendant resided on fee land on the Port Madison Reservation, in Suquamish, Washington, with her husband, the Plaintiff herein and their children. Upon information and belief, said defendant continues to reside with the parties' children on said Reservation

3.3   Plaintiff and Defendant, HELEN MARTINEZ, were married on December 31, 1999 in Savoonga, Alaska. They have two children: A.M. (dob 8/5/99) and D.M. (dob 4/12/01)

3.4   The Suquamish Tribal Court is organized and exists under the Constitution and Bylaws of the Suquamish Tribe; and is established

Complaint for Declaratory and Injunctive Relief - 3

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

pursuant to Chapter 3.1 of the Suquamish Tribal Code. Said Code provides:

"**3.2.1. Subject Matter Jurisdiction.** The Suquamish Tribal Court shall be a court of general jurisdiction. Its subject matter jurisdiction shall extend to all cases and controversies within the territorial jurisdiction of the Suquamish Tribe, including but not limited to:

(a) All crimes committed by Indians;

(b) All actions under the civil regulatory laws of the tribe;

(c) All civil actions involving any Indian person, tribe, organization, or property;

(d) All other matters placed within the jurisdiction of the tribal court by action of the Suquamish Tribal Council or the Congress of the United States. (Prior code Ch. I, Art. I, §2: amended and renumbered by Res. 94-156 (part), passed Nov. 21, 1994)

**3.2.2. Jurisdiction Over Persons.** (1) The tribal courts of the Suquamish Tribe shall have personal jurisdiction over all persons who are domiciled or resident within, or served with process within, or conduct continuous and substantial business within, the territorial jurisdiction of the courts, and also over all persons

Complaint for Declaratory and Injunctive Relief - 4

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

who consent to the jurisdiction of the tribal courts.

(2) The tribal courts shall also have personal jurisdiction over any person, for any actions arising from the commission by that person, personally or through an agent, of any of the following acts within the territorial jurisdiction of the court:

(a) The transaction of any business;

(b) The commission of a tortious act;

(c) Ownership, use, or possession of any real or personal property, situated within said territory;

(d) Conceiving a child;

(e) Living in a marital relationship, so long as either the petitioning party or the respondant (sic) is domiciled within the territorial jurisdiction of the court at the time the action is commenced; or

(f) Any violation of a tax law, or licensing or other civil regulatory law, of the tribe; or

(g) Any crime.

(3) The Suquamish Tribal Courts shall also have personal jurisdiction over any person, for any actions arising from the commission by that person, in any place, of any of the following acts:

(a) Contracting for the delivery of any goods into the territorial jurisdiction of the court, or for the performance of any services or with

Complaint for Declaratory and Injunctive Relief - 5

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

respect to any person or property therein;

(b) Any act that causes injury to a person or property located within the territorial jurisdiction of the court at the time the injury occurs; or

(c) Any other act or series of acts that establish minimal contacts with the territorial jurisdiction of the court, or that are otherwise sufficient to confer personal jurisdiction consistent with due process.

(Res. 82-053 §8.13.010, passed June 3, 1982 and prior code Ch. I, Art. III, §3(g). Note: former §10.1.17, was moved here for the 1991 recodification: amended and renumbered by Res. 94-156 (part), passed Nov. 21, 1994)

**3.2.3.** <u>Territorial Jurisdiction</u>. The territorial jurisdiction of the Suquamish Tribal Courts shall embrace:

(a) All land and property within the exterior boundaries of the Port Madison Indian Reservation;

(b) All land, wherever located, in which the Suquamish Tribe owns an interest subject to a federal restriction against alienation, or in which the United States owns an interest in trust for the use and benefit of the Suquamish Tribe;

(c) All land within Kitsap County, Washington, in which a member of the Suquamish Tribe owns an interest which is subject to a federal restriction against

Complaint for Declaratory and Injunctive Relief - 6

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

alienation, or in which the United States owns an interest in trust for a member of the Suquamish Tribe;

    (d) All usual and accustomed fishing grounds and stations of the Suquamish Tribe, for actions arising under Suquamish laws that regulate the exercise of treaty fishing rights;

    (e) All of the State of Washington and any other place which was within Washington Territory on January 22, 1855, for actions arising under the Suquamish laws that regulate the exercise of treaty hunting and gathering rights; and

    (f) Any other place which is Indian country within the meaning of 18 U.S.C. §1151 and in which members of the Suquamish Tribe hold a significant property interest, or constitute a significant portion of the Indian people residing on, doing business on, or using, such place. (Res. 91-018, passed Mar. 11, 1991: amended and renumbered by Res. 94-156 (part), passed Nov. 21, 1994)

**3.2.4. Exclusive and Concurrent Jurisdiction.**

    (1) Unless provided otherwise by federal law, the Suquamish Tribal Court shall have exclusive jurisdiction over the following matters:

    (a) All claims against the Suquamish Tribe, tribal officers, branches

Complaint for Declaratory and Injunctive Relief - 7

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

and agencies of the tribal government, and tribally owned enterprises, unless the Tribal Council has explicitly consented by formal resolution or ordinance to suit in another forum; and

(b) Actions in which the validity of the tribal constitution or a tribal law or regulation is questioned, or in which tribal law provides the rule of decision; provided, that this section shall not be construed as a waiver of the sovereign immunity of any tribal defendant.

(2) Where state, federal, or other tribal courts have jurisdiction over matters which also fall within the jurisdiction of the Suquamish Tribal Courts, the jurisdiction of the Tribal Court shall be concurrent with that of the other tribal, federal, or state court. (Prior code Ch. I, Art. III, §3 (h): amended and renumbered by Res. 94-156 (part), passed Nov. 21, 1994)"

3.5   On or about February 27, 2008, Defendant, HELEN MARTINEZ, filed with the Suquamish Tribal Court a Petition for Domestic Violence Protection Order under Cause Number 080239-C; alleging that Plaintiff assaulted her at their home.

3.6   Plaintiff denies said allegations of domestic violence.

3.7   On February 27, 2008, the Suquamish Tribal Court issued a Temporary Protection Order; prohibiting Plaintiff from contacting his wife or children, and from going to their home.

Complaint for Declaratory and Injunctive Relief - 8

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

3.8     On March 27, 2008, the Suquamish Tribal Court issued an Order of Protection; prohibiting Plaintiff from contacting his wife or children, and from going to their home for FIVE years.

3.9     Upon information and belief, the Tribal Court denied Plaintiff an opportunity to cross- examine witnesses or to present evidence on his behalf, before issuing said Order of Protection.

4.0     After issuing said Order of Protection, the Tribal Court denied Plaintiff an opportunity to examine the record of the March 27, 2008 hearing, to determine whether Plaintiff had grounds for relief from said Order pursuant to FRCP 60 or whether the record contained impeachable testimony by HELEN MARTINEZ.

4.1     On March 4, 2008, Defendant, HELEN MARTINEZ, filed with the Suquamish Tribal Court a Petition for Custody of the parties' two children under cause number 080301-C.

4.2     At all times material hereto, neither of the parties' children are members of the Suquamish Tribe.

4.3     On March 4, 2008, Defendant, HELEN MARTINEZ, filed with the Suquamish tribal Court a Summons and Petition for Dissolution of her marriage to Plaintiff under cause number 080302-C.

4.4     On April 29, 2008, the Suquamish Tribal Court issued a

Complaint for Declaratory and Injunctive Relief - 9

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

Temporary Order On Liabilities under the Dissolution of Marriage cause number, ordering Plaintiff to pay Defendant, HELEN MARTINEZ', rent and utilities.

4.5   The Suquamish tribal Court has set the parties' Dissolution of marriage trial for September 15, 2008.

## CAUSES OF ACTION

## COUNT 1

## DECLARATORY RELIEF

5.1   Plaintiff realleges Paragraphs 1.1 through 4.5 herein.

5.2   The Suquamish Tribal Court lacks jurisdiction to issue Domestic Violence Protection Orders against a non-Indian based on the Petition of a non tribal member, alleging an act of domestic violence occurred on Fee Land within the Port Madison Reservation.

5.3   The Suquamish Tribal Court lacks jurisdiction to adjudicate custody of the non-tribal member children of a non-tribal member and a non-Indian.

5.4   The Suquamish Tribal Court lacks jurisdiction to Dissolve the marriage of a non-Indian and a non tribal member, who were not married on the Port Madison Reservation.

Complaint for Declaratory and Injunctive Relief - 10

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

5.5   Plaintiff is entitled to Declaratory relief, pursuant to 28 USC 2201 that the Tribal Court lacks jurisdiction to adjudicate the Petitions filed in said court by Defendant, HELEN MARTINEZ, and that orders issued by the Suquamish Tribal court pursuant to said petitions are null and void.

## COUNT 2

## INJUNCTIVE RELIEF

6.1   Plaintiff realleges Paragraphs 1.1 through 5.5 herein.

6.2   Plaintiff is entitled to Injunctive Relief, pursuant to 28 USC 2202, prohibiting the Suquamish Trial Court from issuing, and HELEN MARTINEZ and the Suquamish Tribe from enforcing, orders issued by the Tribal Court against Plaintiff without jurisdiction to do so.

## RELIEF

Plaintiff prays the court to grant the following relief:

7.1   Declare the Suquamish Tribal Court lacks Jurisdiction to grant the petitions filed therein by HELEN MARTINEZ against Plaintiff

7.2   Enjoin the Suquamish Tribal Court form issuing orders against Plaintiff based on said petitions.

Complaint for Declaratory and Injunctive Relief - 11

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com

7.3   Enjoin the Suquamish Tribe and HELEN MARTINEZ from enforcing Orders issued by the Suquamish Tribal Court against Plaintiff without jurisdiction

7.4   Award Plaintiff's costs

7.5   Grant such other relief as the court deems just.

Dated this  12  day of ~~July~~ August, 2008

_____
STEVEN L. OLSEN
Attorney for Plaintiff
WSBA# 9601

Complaint for Declaratory and Injunctive Relief - 12

OLSEN & McFADDEN, INC. P.S.
216 Ericksen Ave.
Bainbridge Island, WA 98110
(206)780-0240
(206)780-0318  fax
steve@olsenmcfadden.com