UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL MARTINEZ,

Plaintiff,

vs.

HELEN MARTINEZ and THE SUQUAMISH TRIBE,

Defendants.

Case No. C08-5503 FDB

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

DEFENDANT Helen Martinez, responds to the allegations contained in the plaintiff's complaint as follows.

**PARTIES TO THE COMPLAINT**

1.1 Defendant admits that the plaintiff's name is Daniel Martinez. Defendant is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 1.1 of plaintiff's complaint.

1.2 Defendant admits that her legal name is Helen Martinez. Defendant denies all other allegations contained in paragraph 1.2 of plaintiff's complaint.



**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519 Fax: (206) 624-7501**

1.3 Defendant admits that the second defendant's name is the Suquamish Tribe. Defendant denies all other allegations contained in paragraph 1.3 of plaintiff's complaint.

**JURISDICTION**

2.1 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.1 of plaintiff's complaint.

2.2 Defendant admits the allegations contained in paragraph 2.2 of plaintiff's complaint.

2.3 Defendant admits the allegations contained in paragraph 2.3 of plaintiff's complaint.

2.4 Defendant admits that the plaintiff is seeking declaratory relief under 28 U.S.C. § 2201 based on the plaintiff's assertion that the Suquamish Tribe does not have civil jurisdiction to adjudicate petitions for custody of children of non-tribal members, to dissolve the marriage of non-tribal members or to grant a petition for domestic violence protection filed by a non-tribal member against a non-tribal member. Defendant denies all other assertions contained in paragraph 2.4 of plaintiff's complaint.

2.5 Defendant admits that the plaintiff is seeking injunctive relief under 28 U.S.C. § 2202 to prohibit the defendants from seeking or granting relief without jurisdiction, as alleged in paragraph 2.5 of plaintiff's complaint.

2.6 Defendant admits the allegation contained in paragraph 2.6 of plaintiff's complaint.

**STATEMENT OF CLAIM**

3.1 Defendant admits the allegations contained in paragraph 3.1 of plaintiff's complaint.

3.2 Defendant admits she's a married woman, that at all times material hereto she was not a member of the Suquamish Tribe, that prior to February, 2008, she resided on fee land on the Port Madison Reservation with the plaintiff and their children, and that she continues to reside



**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519 Fax: (206) 624-7501**

with her children on the Port Madison Reservation. The defendant denies all other allegations contained in paragraph 3.2 of plaintiff's complaint.

3.3 Defendant admits the allegations contained in paragraph 3.3 of plaintiff's complaint.

3.4 Defendant admits the allegations contained in paragraph 3.4 of plaintiff's complaint.

3.5 Defendant admits that she filed a petition for an order for protection under cause number 080239-C with the Suquamish Tribal Court alleging plaintiff had assaulted her. Defendant denies all other allegations contained in paragraph 3.5 of plaintiff's complaint.

3.6 Defendant admits that plaintiff denies allegations of domestic violence contained in her petition for an order for protection under cause number 080239-C. Defendant denies all other allegations contained in paragraph 3.6 of plaintiff's complaint.

3.7 Defendant admits that the Suquamish Tribal Court issued a temporary protection order prohibiting the plaintiff from contacting defendant and their children and from going to their home. Defendant denies all other allegations contained in paragraph 3.7 of plaintiff's complaint.

3.8 Defendant admits the allegations contained in paragraph 3.8 of plaintiff's complaint.

3.9 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.9 of plaintiff's complaint.

4.0 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.0 of plaintiff's complaint.

4.1 Defendant admits that she filed a petition for custody of the parties' two children in Suquamish Tribal Court on March 4, 2008. Defendant denies all other allegations contained in paragraph 4.1 of plaintiff's complaint.

4.2 Defendant admits the allegations contained in paragraph 4.2 of plaintiff's complaint.



**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519 Fax: (206) 624-7501**

4.3 Defendant admits the allegations contained in paragraph 4.3 of plaintiff's complaint.

4.4 Defendant admits the Suquamish Tribal Court entered a Temporary Order on Liabilities on April 29, 2008. The defendant denies all other allegations contained in paragraph 4.4 of plaintiff's complaint.

4.5 Defendant admits that the Suquamish Tribal Court has set the parties' dissolution for trial. Defendant denies all other allegations contained in paragraph 4.5 of plaintiff's complaint.

**CAUSES OF ACTION**

5.1 Paragraph 5.1 is denied, except for those paragraphs to which the Defendant has already admitted.

5.2 Defendant denies the allegations contained in paragraph 5.2 of plaintiff's complaint.

5.3 Defendant denies the allegations contained in paragraph 5.3 of plaintiff's complaint.

5.4 Defendant denies the allegations contained in paragraph 5.4 of plaintiff's complaint.

5.5 Defendant denies the allegations contained in paragraph 5.5 of plaintiff's complaint.

**INJUNCTIVE RELIEF**

6.1 Paragraph 6.1 is denied, except for those paragraphs to which the Defendant has already admitted.

6.2 Defendant denies the allegations contained in paragraph 6.2 of plaintiff's complaint.

**AFFIRMATIVE DEFENSES:**

1. Plaintiff's complaint for declaratory and injunctive relief should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Under the doctrine of tribal-court exhaustion, the Suquamish Tribal Court should have the opportunity to rule on its jurisdiction in the first instance.



**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519 Fax: (206) 624-7501**

2. Suquamish Tribal Court has exclusive, continuing jurisdiction over the Martinez children pursuant to the Uniform Child Custody Jurisdiction Enforcement Act, codified at RCW § 26.27.211. The Suquamish Tribe has previously made a child custody determination consistent with RCW 26.27.041 and RCW § 26.27.201.

3. The Suquamish Tribal Court properly exercised jurisdiction over the parties and the subject matter pursuant to the Violence Against Women Act, 18 U.S.C. § 2265 and Section 7.28 of the Suquamish Tribal Court.

**RELIEF:**

Defendant respectfully requests the following relief:

1. That Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. That Defendants be awarded such other relief as is just, equitable and which the Court deems proper.

DATED this 7th day of November, 2008.

s/Jennifer Yogi

Jennifer Yogi, WSBA #31928
Northwest Justice Project
401 2nd Avenue South, Suite 407
Seattle, WA 98104
Telephone: (206) 464-1519
Fax: (206) 464-1533
E-mail: jennifery@nwjustice.org

**CERTIFICATE OF SERVICE**

I, Jennifer Yogi, certify under penalty of perjury under the laws of the State of Washington that on the 7th day of November, 2008, I caused a copy of this Answer to be delivered via electronic mailing in .pdf format and United States first class mail, directed to the attention of the following:

Steven Olsen
Attorney for Plaintiff
Olsen and McFadden, Inc. P.S.
216 Ericksen Avenue
Bainbridge Island, WA 98110

James Bellis
Office of Tribal Attorneys
Suquamish Tribe
P.O. Box 498
Suquamish, WA 98392-0498

Signed at Seattle, Washington, this 7th day of November, 2008.

NORTHWEST JUSTICE PROJECT

/s/ Jennifer Yogi
Jennifer Yogi, WSBA #31928
Attorney for Defendant Helen Pungowiyi Martinez



**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519 Fax: (206) 624-7501